1

2                                **UNITED STATES DISTRICT COURT**

3                                        **DISTRICT OF NEVADA**

4                                                **\* \* \***

5    MARTINEZ AYTCH,                              )
                                                  )
6                            Plaintiff,           )
                                                  )
7    v.                                           )        2:08-cv-01773-RLH-VCF
                                                  )
8    CYNTHIA SABLICA, *et al.*,                   )        **O R D E R**
                                                  )
9                                                 )        (Motion for Appointment of Counsel and
                                                  )         Request for Intervention #37)
10                           Defendants.          )
     _____ )
11

12           Before the court is plaintiff Martinez Aytch's Motion for Appointment of Counsel and  Request

13   for Intervention.  (#37).  The defendants filed an Opposition (#40), and plaintiff filed a Reply (#45).

     **Background**

14           Plaintiff filed his motion/application to proceed *in forma pauperis* on December 16, 2012.  (#1).

15   On April 23, 2009, the court entered an order granting the motion/application (#1), ordering the clerk

16   to file the complaint (#1-1), and dismissing count three *without prejudice*.  (#4).  The court gave the

17   plaintiff until May 25, 2009, to file an amended complaint.  *Id.*  The clerk filed the complaint (#1-1) on

18   the same day.  (#5).  On June 5, 2009, the court entered an order stating that since plaintiff did not file

19   an amended complaint, the case will proceed on counts one and two of the complaint.  (#6).  Defendants

20   were served on June 29, 2009 (#7), and filed a motion to dismiss, or in the alternative, motion for

21   summary judgment, on August 7, 2009 (#9).

22           On January 7, 2010, the court issued an order granting defendants' motion to dismiss, or in the

23   alternative, motion for summary judgment (#9).  (#24).  The clerk entered judgement against plaintiff

24   on the same day.  (#25).  On January 21, 2010, plaintiff filed a notice of appeal as to the order

25   dismissing the case (#24) and the clerk's judgment (#25).  (#26).  The Ninth Circuit appointed an

26

attorney to represent plaintiff in his appeal.  (#39).  On November 19, 2012, the Ninth Circuit issued a memorandum affirming in part, and reversing and remanding in part for further proceedings.  (#29).  The Ninth Circuit held that (1) "[t]he district court erred in granting summary judgment on Aytch's claim that responsible prison officials were deliberately indifferent to Aytch's dental problems," (2) "[t]he district court properly granted summary judgment on Aytch's claim that prison officials were deliberately indifferent to his vision problems," (3) "[s]ummary judgment was warranted as to Defendants Howard Skolnik and Dwight Neven," and (4) "[b]ecause there are triable issues related to the prison officials' deliberate indifference to Aytch's dental problems and such indifference would violate clearly established law, the prison officials are not entitled to qualified immunity."  *Id.*  The Ninth Circuit issued a mandate on December 12, 2012 (#30), and submitted a proposed order on mandate (#30) on December 18, 2012 (#31).  This court entered an order on mandate on December 21, 2012.  (#33).

On January 10, 2013, the court held a status conference wherein the court (1) held that the remaining defendants are Sablica, Atkins-St. Rose and Henson, (2) set a discovery plan and scheduling order, (3) set the trial date, and (4) extended plaintiff's prison copywork limit by $50.00.  (#36).  Plaintiff filed the instant motion on February 12, 2013.  (#37).  The case was reassigned to the undersigned Magistrate Judge on February 13, 2013.  (#38).  On February 20, 2013, the Ninth Circuit issued an order stating that "[w]e are in receipt of Martinez Aytch's letter dated January 22, 2013 and received by the court on January 25, 2013. Mr. Aytch is represented by counsel, and the Clerk of the Court shall forward the letter to counsel for any further action. No *pro se* filings are permissible when an individual is represented by counsel."  (#39).  The Ninth Circuit attached the plaintiff's letter to the court, wherein he stated that he is proceeding *pro se* and needs information regarding the appeal to properly litigate his case.  (#39-1).  As counsel was appointed by the Ninth Circuit for purposes of the appeal *only*, this court does not have jurisdiction to address his request for information from his appeal counsel.

2

Defendants filed their opposition to the motion for appointment of counsel (#37) on February 25, 2013. (#40). Plaintiff filed a motion for extension of time on February 28, 2013. (#41). On March 1, 2013, plaintiff filed a letter requesting the status of his pending motion (#42), and on March 6, 2013, plaintiff filed another letter requesting the status and asking if the defendants filed an opposition (#43). Plaintiff filed his reply on March 11, 2013. (#45). On March 12, 2013, plaintiff filed a motion for a court order directing defendants to answer plaintiff's complaint. (#44). On March 15, 2013, defendants filed an opposition to plaintiff's motion for extension of time (#41). (#46).

**Pending Motion (#37)**

**A.      Request For Appointment of Counsel**

Plaintiff asks this court to appoint counsel to represent him, and argues that he "does not have the legal knowledge and abilities as an attorney would have to properly propound interrogatories, take depositions by oral examination, request the production of documents, request admissions, examine prospective jurors, conduct peremptory challenges, and poll the jurors individually if necessary." (#37)[1]. Plaintiff asserts that appointing counsel will help the parties as well as the court. *Id.* Plaintiff states that the issues in this action "involve complexity that [p]laintiff, acting *pro se* is unable to argue effectively before a jury." *Id.* Plaintiff also asserts in his motion and reply that he does not have physical access to the law library, and that "fundamental fairness" warrants appointing counsel. (#37 and #45). The court will address the arguments regarding his access to the law library in Section (B) below.

Defendants assert that plaintiff is able to argue effectively, and states that plaintiff's "motion concisely sets forth both the legal theories of his allegations and the alleged facts in support of his claims," and that plaintiff "has served interrogatories upon Defendant Sablica, in contrast to the

---

[1] Plaintiff also states that "he is <u>not</u> sure if the defendants were required to filed an answer or not???," and that a lawyer would know how to proceed on this issue. (#45). After filing his reply, plaintiff filed a motion for a court's order directing defendants to answer plaintiff's civil rights complaint pursuant to rules 8 and 12. (#44). The court finds that this supports a finding that plaintiff is able to recognize issues, research relevant rules, and present his position to the court.

statement made in his moving papers that he requires assistance...in order to effectuate discovery." (#40). Defendants also argue that the issues in this case are not so complex that "a layperson, proceeding in proper person, could not explain them to a jury." *Id.*

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

### 1.    Likelihood Of Success On The Merits

The court must first determine if there is a likelihood of success on the merits of plaintiff's complaint. *Id.* Since the Ninth Circuit affirmed in part, and reversed and remanded the action, the court's inquiry is limited to the likelihood of success of plaintiff's remaining claim for deliberate indifference to plaintiff's dental needs as to defendants Cynthia Sablica, Lavonne Atkins-St. Rose, and James Henson. (#29 and #30).

With regard to this claim, the court held that "Aytch raised a triable issue that, despite numerous medical requests and complaints of severe pain, responsible prison officials failed to timely address Aytch's dental problems and the resulting pain." *Id.* The court stated that plaintiff presented evidence that he filed informal grievances, that defendant Sablica was aware of his medical concerns, but did not respond, and that defendant Atkins-St. Rose was aware of plaintiff's dental problems and was potentially indifferent to plaintiff's medical needs. *Id.*

The fact that the Ninth Circuit reversed (#29 and #30) the court's summary judgment (#24) of plaintiff's claim for inadequate dental care supports a finding of a likelihood of success. The summary judgment ruling (#24) and the Ninth Circuit's reversal (#29 and #30), however, were not premised upon any evidence derived through discovery. Since discovery recently commenced on January 10, 2013

(#36), the court finds that a determination of the likelihood of success on the merits of plaintiff's claim is premature.  *Terrell,* 935 F.2d 1015, 1017.

### 2.      Ability To Articulate Claims *Pro Se*

The court must address whether plaintiff has demonstrated an ability to articulate his claim for deliberate indifference to his dental needs.  *Terrell,* 935 F.2d 1015, 1017.  The court notes that plaintiff's motion (#37) and reply (#45) were coherent, cited legal authority, clearly set forth the allegations supporting his remaining claim, and articulated the relief sought therein.  The next stage of the litigation is to conduct discovery as to whether (1) the deprivation alleged was "objectively, sufficiently serious," and whether (2) the deprivation caused "the unnecessary and wanton infliction of pain."  *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).  The court finds that since plaintiff served interrogatories on defendant Sablica and no discovery motions have been filed, plaintiff is able to conduct discovery without the assistance of counsel.  Thus, the court will not appoint counsel at this stage, but will entertain subsequent motions to appoint counsel as discovery progresses and the court can more adequately assess both prongs of the test[2].  *Terrell,* 935 F.2d 1015, 1017.

### B.      Request for Court Intervention

Plaintiff asks this court to intervene and order that he have physical access to the Lovelock Correctional Center's "law library for at least two (2) hours per day, Monday through Friday, until the date of trial, or the closing of this case..." (#45).  In support of this request, plaintiff cites the Honorable Judge Reed in the action of *Koerschner v. Warden*, 508 F. Supp. 2d 849 (D. Nev. 2007)*, where he held

---

[2]  Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under § 1915.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989).  Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id.*  The court has no funds to pay for attorney fees in civil matters, such as this one.  Therefore, it is often difficult to find attorneys willing to work on a case without payment.  For these reasons, plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.

that "in light of serious, and potentially constitutionally suspect, limitations placed by state prison on due process right of access to courts by segregation-unit inmates, interests of justice warranted appointment of counsel for federal habeas corpus action by segregation-unit inmate in state prison." Plaintiff argues that he has to wait at least two days to receive any cases or legal assistance and that he is incapable of representing this case without access to the law library. *Id.* The defendants assert that "[p]laintiff's request amounts to nothing more than a criticism of the institution," and that plaintiff's access to the law library is not an allegation before this court. (#40). Defendants also assert that "dictum set forth in an unrelated habeas matter does not mandate the Court's intervention, nor should such statements persuade this Court to grant Plaintiff physical access to the law library." *Id.*

The issue before the court in *Koerschner* was a request for appointment of counsel by a petitioner in a habeas action, and the court noted that "[t]his is not a prison civil rights action." *Koerschner*, 508 F. Supp. 2d at 850. "18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the *interests of justice* so require." *Id* (emphasis added). The court made it clear that it was not issuing a blanket order or changing the policy on all inmates' access to the law library, and stated that "[a]lthough the Court will discuss the legal resources available in the prison, and further will discuss related legal principles and prison civil rights case law regarding the right of access to the courts, it does so solely in connection with a determination of whether the interests of justice require the appointment of counsel for this petitioner in this habeas action." *Id.*

The matter before this court is whether *extraordinary circumstances* exist warranting the appointment of counsel in a civil rights action relating to plaintiff's dental care. 28 U.S.C. § 1915; *Terrell*, 935 F.2d at 1017. Defendants correctly state that plaintiff's access to the law library is not a claim before the court. The court finds that Lovelock Correctional Center's policy that requires plaintiff to submit a print request to the unit assistant if plaintiff wishes to check out a case or receive other legal assistance, and to wait until the unit researcher can find the case, does not amount to *extraordinary*

6

*circumstances.*[3] *Id.*  The relief requested is denied.  If the plaintiff needs additional time to respond to motions and/or discovery, he may enter into a stipulation with the defendants or seek an extension from the court.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Martinez Aytch's Motion for Appointment of Counsel and Request for Intervention (#37) are DENIED.

DATED this 20th day of March, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] This court also does not have the authority to grant the relief requested.  "Federal courts lack the power to interfere with decisions made by state prison officials, absent constitutional violations. Courts must recognize that the authority to make policy choices concerning prisons is not a proper judicial function." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. Conner,* 515 U.S. 472 (1995)), citing *Bell v. Wolfish*, 441 U.S. 520, 562 (1979).

7