UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARTINEZ AYTCH, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CYNTHIA SABLICA, *et al.*, ) <br> ) <br>     Defendants. ) <br> ———————————————————— ) | 2:08-cv-01773-RLH-VCF <br><br> **O R D E R** <br><br> (Motion for Enlargement of Time #41) |

Before the court is plaintiff Martinez Aytch's Motion for Enlargement of Time. (#41). The defendants filed an Opposition (#46), and plaintiff filed a Reply (#48).

**Background**

Plaintiff filed his motion/application to proceed *in forma pauperis* on December 16, 2012. (#1). On April 23, 2009, the court entered an order granting the motion/application (#1), ordering the clerk to file the complaint (#1-1), and dismissing count three *without prejudice*. (#4). The court gave the plaintiff until May 25, 2009, to file an amended complaint. *Id.* The clerk filed the complaint (#1-1) on the same day. (#5). On June 5, 2009, the court entered an order stating that since plaintiff did not file an amended complaint, the case will proceed on counts one and two of the complaint. (#6). Defendants were served on June 29, 2009 (#7), and filed a motion to dismiss, or in the alternative, motion for summary judgment, on August 7, 2009 (#9).

On January 7, 2010, the court issued an order granting defendants' motion to dismiss, or in the alternative, motion for summary judgment (#9). (#24). The clerk entered judgement against plaintiff on the same day. (#25). On January 21, 2010, plaintiff filed a notice of appeal as to the order dismissing the case (#24) and the clerk's judgment (#25). (#26). The Ninth Circuit appointed an attorney to represent plaintiff in his appeal. (#39). On November 19, 2012, the Ninth Circuit issued

a memorandum affirming in part, and reversing and remanding in part for further proceedings. (#29). The Ninth Circuit held that (1) "[t]he district court erred in granting summary judgment on Aytch's claim that responsible prison officials were deliberately indifferent to Aytch's dental problems," (2) "[t]he district court properly granted summary judgment on Aytch's claim that prison officials were deliberately indifferent to his vision problems," (3) "[s]ummary judgment was warranted as to Defendants Howard Skolnik and Dwight Neven," and (4) "[b]ecause there are triable issues related to the prison officials' deliberate indifference to Aytch's dental problems and such indifference would violate clearly established law, the prison officials are not entitled to qualified immunity." *Id.* The Ninth Circuit issued a mandate on December 12, 2012 (#30), and submitted a proposed order on mandate (#30) on December 18, 2012 (#31). This court entered an order on mandate on December 21, 2012. (#33).

On January 10, 2013, the court conducted a status conference wherein the court (1) held that the remaining defendants are Sablica, Atkins-St. Rose and Henson, (2) set a discovery plan and scheduling order, (3) set the trial date, and (4) extended plaintiff's prison copywork limit by $50.00. (#36). Plaintiff filed the instant motion on February 12, 2013. (#37). The case was reassigned to the undersigned Magistrate Judge on February 13, 2013. (#38). On February 20, 2013, the Ninth Circuit issued an order stating that "[w]e are in receipt of Martinez Aytch's letter dated January 22, 2013 and received by the court on January 25, 2013. Mr. Aytch is represented by counsel, and the Clerk of the Court shall forward the letter to counsel for any further action. No *pro se* filings are permissible when an individual is represented by counsel." (#39). The Ninth Circuit attached the plaintiff's letter to the court, wherein he stated that he is proceeding *pro se* and needs information regarding the appeal to properly litigate his case. (#39-1). As counsel was appointed by the Ninth Circuit for purposes of the appeal *only*, this court does not have jurisdiction to address his request for information from his appeal counsel.

Defendants filed their opposition to the motion for appointment of counsel (#37) on February

2

25, 2013. (#40). Plaintiff filed a motion for extension of time on February 28, 2013. (#41). On March 1, 2013, plaintiff filed a letter requesting the status of his pending motion (#42), and on March 6, 2013, plaintiff filed another letter requesting the status and asking if the defendants filed an opposition (#43). Plaintiff filed his reply on March 11, 2013. (#45). On March 12, 2013, plaintiff filed a motion for a court order directing defendants to answer plaintiff's complaint. (#44). On March 15, 2013, defendants filed an opposition to plaintiff's motion for extension of time (#41). (#46).

On March 20, 2013, the court entered an order denying the motion for appointment of counsel and request for court intervention (#37). (#47). On March 22, 2013, the plaintiff filed a reply in support of his motion for extension of time (#41). (#48). On March 28, 2013, the defendants filed an answer to plaintiff's complaint (#5). (#49). On March 29, 2013, the court entered a minute order denying as moot the motion for a court order directing defendants to answer plaintiff's complaint (#44). (#49).

**Motion for Enlargement of Time (#41)**

    **A.**    **Status Conference/ Discovery**

During the status conference on January 10, 2013, the court issued the following discovery plan and scheduling order: "1) Within 30 days of this hearing (no later than February 11, 2013), each party shall produce to the other party all documents they have which relate to the allegations of this case... 2) Within 60 days of this hearing (no later than March 11, 2013), the parties shall make any written requests for discovery (requests for production, requests for admissions or interrogatories). 3) Any depositions shall be taken no later than 90 days of this hearing (by April 10, 2013). 4) Dispositive motions (if any) shall be filed no later than 120 day of this hearing (by May 10, 2013)." (#36). The court set the trial for 9:00 AM on June 3, 2013, and the Calendar Call for Wednesday, May 29, 2013 at 8:45 AM. *Id.*

On February 13, 19, and 20, 2013, plaintiff served defendants Sablica, Henson, and Atkins with his first set of interrogatories and served defendant Sablica with his first request for production of

documents. (#41). Responses to plaintiff's requests were due on March 15, 21, and 22, 2013. *See* Federal Rule of Civil Procedure 33(b)(2)("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.") and 34(b)(2)(A)("The party to whom the request is directed must respond in writing within 30 days after being served."). The parties do not indicate that defendants served plaintiff with any discovery requests. (#41, #46, and #48). In plaintiff's reply dated March 18, 2013, plaintiff stated that he has not received responses from the defendants. (#48). Pursuant to the court's status conference, the time in which to conduct written discovery has expired. (#36).

**B.     Arguments**

Plaintiff asks this court to extend the discovery deadline to April 11, 2013, and asserts that the extension is necessary "in the event plaintiff may be compelled to propound a second set of interrogatories [or] a second set [of] requests to produce." (#41). Plaintiff argues that it "is safe to say [that] plaintiff cannot request for admissions until he ha[s] first received the responses to his first set of interrogatories and requests to produce." *Id.* Plaintiff states that he does *not* wish for the trial date of June 3, 2013, to be moved. *Id.*

The defendants filed a limited opposition, and note that plaintiff has not proposed a date to end discovery and plaintiff will receive defendants' responses on or about March 18, 2013. (#46). Defendants state that they do "not think it appropriate to enlarge the time for discovery without continuing the trial date," as (1) the parties will require time to prepare for trial, and how they prepare "largely depends on what was learned or produced during discovery," and (2) the parties may wish to exclude anticipated evidence or witnesses. *Id.* Defendants assert that if the court is inclined to extend discovery, the court should continue the trial. *Id.*

Plaintiff argues in his reply that the defendants are "intentionally disrupting the discovery process so that they can request to continue the trial date of June 3, 2013." (#48). Plaintiff also asserts that defendants are "not acting in good faith towards providing plaintiff with requested discovery," and

4

that "if the defendants felt that the [trial] date set by this court was not enough time to complete discovery, they should not have agreed to the cut-off dates and trial date during the status conference..." *Id.* Plaintiff argues that an extension is clearly needed, because as of the date of drafting his reply, March 18, 2013 (seven days *after* the written discovery deadline of March 11, 2013), plaintiff has not received a single response to his discovery requests. *Id.*

### C. Relevant Law/Discussion

Local Rule 26-4 provides that a motion to extend any dates in the discovery plan must be supported by a showing of "good cause" for the extension. A motion to extend the deadlines must include: (a) a statement of the discovery that has been completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing the remaining discovery. LR 26-4.

Plaintiff has complied with LR 26-4, as he (1) provided the court with the discovery he propounded on the defendants, (2) stated that he may need to serve additional interrogatories, requests, and/or admissions, (3) explained to the court why discovery has not been completed, and (4) provided the court with a proposed April 11, 2013, written discovery deadline. (#41). The court finds that "good cause" exists to extend the written discovery in this matter until April 11, 2013, as plaintiff is proceeding *pro se*, the written discovery period was only 60 days (#36), the parties agree that follow-up written discovery may be needed upon plaintiff's receipt of the defendants' discovery responses (#41 and #46), and defendants do not oppose the extension (LR 7-2(d)("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). The court also finds that it would be in the best interest of the parties to have all discovery end on April 11, 2013. The court's calendar does not permit the court to disturb the trial date of June 3, 2013.

Accordingly, and for good cause shown,

5

IT IS ORDERED that plaintiff Martinez Aytch's Motion for Enlargement of Time (#41) is GRANTED.

IT IS FURTHER ORDERED that the following deadlines apply:

| | |
|---|---|
| **April 11, 2013** | Deadline to Complete **All** Discovery |
| **May 10, 2013** | Deadline to File Dispositive Motions |
| **May 17, 2013** | Deadline to File Joint Pretrial Order.  If Dispositive Motions are filed, the Joint Pretrial Order is due 30 days from the entry of the court's order deciding such motions. |
| **May 29, 2013** | Calendar Call |
| **June 3, 2013** | Trial |

DATED this 29th day of March, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**