# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARTINEZ AYTCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:08-cv-01773-RLH-VCF |
| v. ) | |
| ) | **O R D E R** |
| CYNTHIA SABLICA, *et al.*, ) | |
| ) | (Motion To Extend Prison Copywork Limit |
| ) | #59) |
| Defendants. ) | |
| ) | |

Before the court is plaintiff Martinez Aytch's Motion To Extend Prison Copywork Limit. (#59). The defendants filed an Opposition (#62), and plaintiff filed a Reply (#74).

**Background**

Plaintiff filed his motion/application to proceed *in forma pauperis* on December 16, 2008. (#1). On April 23, 2009, the court entered an order granting the motion/application (#1), ordering the clerk to file the complaint (#1-1), and dismissing count three *without prejudice*. (#4). The court gave the plaintiff until May 25, 2009, to file an amended complaint. *Id.* The clerk filed the complaint (#1-1) on the same day. (#5). On June 5, 2009, the court entered an order stating that since plaintiff did not file an amended complaint, the case will proceed on counts one and two of the complaint. (#6). Defendants were served on June 29, 2009 (#7), and filed a motion to dismiss, or in the alternative, motion for summary judgment, on August 7, 2009 (#9).

On January 7, 2010, the court issued an order granting defendants' motion to dismiss, or in the alternative, motion for summary judgment (#9). (#24). The clerk entered judgement against plaintiff on the same day. (#25). On January 21, 2010, plaintiff filed a notice of appeal as to the order dismissing the case (#24) and the clerk's judgment (#25). (#26). The Ninth Circuit appointed an

attorney to represent plaintiff in his appeal. (#39). On November 19, 2012, the Ninth Circuit issued a memorandum affirming in part, and reversing and remanding in part for further proceedings. (#29). The Ninth Circuit held that (1) "[t]he district court erred in granting summary judgment on Aytch's claim that responsible prison officials were deliberately indifferent to Aytch's dental problems," (2) "[t]he district court properly granted summary judgment on Aytch's claim that prison officials were deliberately indifferent to his vision problems," (3) "[s]ummary judgment was warranted as to Defendants Howard Skolnik and Dwight Neven," and (4) "[b]ecause there are triable issues related to the prison officials' deliberate indifference to Aytch's dental problems and such indifference would violate clearly established law, the prison officials are not entitled to qualified immunity." *Id.* The Ninth Circuit issued a mandate on December 12, 2012 (#30), and submitted a proposed order on mandate (#30) on December 18, 2012 (#31). This court entered an order on mandate on December 21, 2012. (#33).

On January 10, 2013, the court conducted a status conference wherein the court (1) held that the remaining defendants are Sablica, Atkins-St. Rose and Henson, (2) set a discovery plan and scheduling order, (3) set the trial date, and (4) extended plaintiff's prison copywork limit by $50.00. (#36). Plaintiff filed the instant motion on February 12, 2013. (#37). The case was reassigned to the undersigned Magistrate Judge on February 13, 2013. (#38). On February 20, 2013, the Ninth Circuit issued an order stating that "[w]e are in receipt of Martinez Aytch's letter dated January 22, 2013 and received by the court on January 25, 2013. Mr. Aytch is represented by counsel, and the Clerk of the Court shall forward the letter to counsel for any further action. No *pro se* filings are permissible when an individual is represented by counsel." (#39). The Ninth Circuit attached the plaintiff's letter to the court, wherein he stated that he is proceeding *pro se* and needs information regarding the appeal to properly litigate his case. (#39-1). As counsel was appointed by the Ninth Circuit for purposes of the appeal *only*, this court does not have jurisdiction to address his request for information from his appeal counsel.

Defendants filed their opposition to the motion for appointment of counsel (#37) on February 25, 2013. (#40). Plaintiff filed a motion for extension of time on February 28, 2013. (#41). On March 1, 2013, plaintiff filed a letter requesting the status of his pending motion (#42), and on March 6, 2013, plaintiff filed another letter requesting the status and asking if the defendants filed an opposition (#43). Plaintiff filed his reply on March 11, 2013. (#45). On March 12, 2013, plaintiff filed a motion for a court order directing defendants to answer plaintiff's complaint. (#44). On March 15, 2013, defendants filed an opposition to plaintiff's motion for extension of time (#41). (#46).

On March 20, 2013, the court entered an order denying the motion for appointment of counsel and request for court intervention (#37). (#47). On March 22, 2013, the plaintiff filed a reply in support of his motion for extension of time (#41). (#48). On March 28, 2013, the defendants filed an answer to plaintiff's complaint (#5). (#49). On March 29, 2013, the court entered a minute order denying as moot the motion for a court order directing defendants to answer plaintiff's complaint (#44). (#51). On the same day, the court issued an order granting the motion for enlargement of time (#41). (#52). The court held "that "good cause" exists to extend the written discovery in this matter until April 11, 2013, as plaintiff is proceeding *pro se*, the written discovery period was only 60 days (#36), the parties agree that follow-up written discovery may be needed upon plaintiff's receipt of the defendants' discovery responses (#41 and #46), and defendants do not oppose the extension (LR 7-2(d)("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.")." *Id.* The court also found "that it would be in the best interest of the parties to have all discovery end on April 11, 2013," and that "[t]he court's calendar does not permit the court to disturb the trial date of June 3, 2013." *Id.*

On April 2, 2013, plaintiff filed a motion to compel answers to interrogatories and requests to produce. (#54). On April 5, 2013, plaintiff filed another motion to compel answers to requests to produce. (#56). On April 12, 2013, plaintiff filed the instant motion to extend prison copywork limit. (#59). On April 17, 2013, defendants filed an opposition to plaintiff's motion to compel (#54). (#60).

On April 19, 2013, plaintiff filed a motion to strike defendants' answers and direct further answers to plaintiff's interrogatories. (#61). Defendants filed an opposition to the motion to extend prison copywork on April 26, 2013. (#62). On the same day, the plaintiff filed a reply in support of his motion to compel (#54). (#64). On May 2, 2013, defendants filed a motion to produce inmate for trial (#66), and four motions *in limine* (#67, #68, #69, and #70), and plaintiff filed a motion to strike defendants' opposition to the motion to compel (#60) (#71). On May 3, 2013, defendants filed two motions *in limine* (#72 and #73), and plaintiff filed a reply in support of his motion to extend prison copywork (#74).

On May 6, 2013, defendants filed an opposition to the motion to strike (#61). (#75). On the same day, plaintiff filed an *emergency* motion for enlargement of time to complete all discovery. (#77). On May 7, 2013, defendants filed an amended motion to produce inmate at trial. (#76). On May 10, 2013, the court issued a minute order scheduling a status conference for May 13, 2013, at 11:30 a.m. (#78). The court held a status conference on May 13, 2013, and issued an order denying as moot the amended motion to produce inmate for trial (#76) and continuing the trial date. (#79).

**Motion To Extend Copywork Limit (#59)**

    **A.    Arguments**

Plaintiff asserts that he has reached the $50.00 prison copywork limit granted by this court on January 10, 2013, and asks this court to extend his copywork limit an additional $50.00 "for documents relevant to this instant action." (#59). Plaintiff attaches his Inmate Account Statement demonstrating the amount of money spent on legal copies since January, 2013. (#59 Exhibit 3). Plaintiff asserts that he is not asking this court to grant him "free" copywork, rather he is, and will continue to, pay money out of his inmate account towards the balance owed. *Id.* Plaintiff asserts that the parties are "still in the discovery stages," and that "[i]n addition to his originals of all pleadings, motions, and other documents in this case, he will need copies to serve upon [d]efendants..." *Id.*

Defendants argue that plaintiff is not "entitled to free and unlimited copy work to pursue this

4

civil action," and that plaintiff is "requesting that an order be entered essentially directing the NDOC to finance [p]laintiff's litigation..." (#62). Defendants also argue that plaintiff's discovery motions are unnecessary, as plaintiff is seeking information that is completely irrelevant to this action, and that if plaintiff limited his requests to relevant and discoverable information, discovery motion practice would be unnecessary. *Id.* Defendants state that discovery is now closed, and that "[p]laintiff should not be permitted to enjoy unfettered access to the legal copy machine for the duration of this matter at the expense of the tax payers of the State of Nevada." *Id.* Defendants also assert that plaintiff has several other options, including, but not limited to, using carbon paper or handwriting copies. *Id.* Defendants assert that if the court is inclined to grant plaintiff's request (#59), plaintiff should have to provide the court with a list of the copies he anticipates needing to make. *Id.*

Plaintiff re-asserts in his reply that he is not asking for free copies or for tax payers to fund this litigation, and that plaintiff is making payments towards his copywork balance. (#74). Plaintiff also asserts that he cannot use carbon paper for all necessary copies, such as a transcript, exhibits, defendants' responses, etc. *Id.* Plaintiff attached his Inmate Account Statement to his reply. (#74 Exhibit 2).

### B.     Relevant Law/Discussion

Inmates have a "constitutional right to either assistance of a lawyer, or access to a law library." *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996). The law libraries in prison facilities are not ends themselves, "but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(internal citations and quotations omitted.). However, this entitlement does not does not provide inmates with an endless supply of copies and research materials. See *Jones v. Franzen*, 697 F.2d 801, 803 (7th Cir.1983) ([B]road as the constitutional concept of liberty is, it does not include the right to xerox."). Nevertheless, "it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Johnson v. Avery,* 393 U.S. 483, 485

5

(1969).

There are several motions pending before this court (#54, #56, #61, #63, #67, #68, #69, #70, #71, #72, #73, and #77), including a motion to extend all discovery (#77). The court recently denied the motion to produce inmate for trial (#76) and continued the upcoming trial date. (#79). The court finds that plaintiff may need to copy documents, including exhibits and/or transcripts, in connection with his oppositions to the defendants' motions (#67-#70, #72, and #73), and that denying the motion to extend his copywork limit would prevent him from doing so. *See Johnson,* 393 U.S. at 485.

The court recognizes that plaintiff is not seeking free copies and that he will make payments towards his copywork balance. The court must, however, put some limitation on plaintiff's copywork privileges as to not subject the court and the defendants to endless and costly motion practice by the plaintiff. *See* Federal Rule of Civil Procedure 1 (the rules must be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Plaintiff's copywork limit is extended to $50.00. This ruling is not intended to enable plaintiff to file frivolous, duplicative, or large pleadings, and any evidence of such practice could warrant denial of any future requests to extend copywork limit and/or sanctions.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Martinez Aytch's Motion To Extend Copywork Limit (#59) is GRANTED.

IT IS THEREFORE ORDERED that plaintiff's copywork limit is extended to $50.00.

DATED this 14th day of May, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

7