**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MARTINEZ AYTCH, | |
| Plaintiff, | 2:08-cv-01773-RLH-VCF |
| vs. | **ORDER** |
| CYNTHIA SABLICA, *et al.,* | [Motion #'s 54, 56, 61, 63, 71, 77, 82, 85, & 89] |
| Defendants. | |

Before the Court is *Martinez Aytch v. Cynthia Sablica*, case no. 2:08-cv-01773-RLH-VCF.

**Relevant Background:**

Plaintiff filed his motion/application to proceed in forma pauperis on December 16, 2008. (#1). On April 23, 2009, the court entered an order granting the motion/application (#1), ordering the clerk to file the complaint (#1-1), and dismissing count three without prejudice. (#4). The court gave the plaintiff until May 25, 2009, to file an amended complaint. *Id.* The clerk filed the complaint (#1-1) on the same day. (#5). On June 5, 2009, the court entered an order stating that since plaintiff did not file an amended complaint, the case will proceed on counts one and two of the complaint. (#6). Defendants were served on June 29, 2009 (#7), and filed a motion to dismiss, or in the alternative, motion for summary judgment, on August 7, 2009 (#9).

On January 7, 2010, the court issued an order granting defendants' motion to dismiss, or in the alternative, motion for summary judgment (#9). (#24). The clerk entered judgment against plaintiff on the same day. (#25). On January 21, 2010, plaintiff filed a notice of appeal as to the order dismissing the case (#24) and the clerk's judgment (#25). (#26). The Ninth Circuit appointed an attorney to represent plaintiff in his appeal. (#39). On November 19, 2012, the Ninth Circuit issued a

memorandum affirming in part, and reversing and remanding in part for further proceedings. (#29). The Ninth Circuit held that (1) "[t]he district court erred in granting summary judgment on Aytch's claim that responsible prison officials were deliberately indifferent to Aytch's dental problems," (2) "[t]he district court properly granted summary judgment on Aytch's claim that prison officials were deliberately indifferent to his vision problems," (3) "[s]ummary judgment was warranted as to Defendants Howard Skolnik and Dwight Neven," and (4) "[b]ecause there are triable issues related to the prison officials' deliberate indifference to Aytch's dental problems and such indifference would violate clearly established law, the prison officials are not entitled to qualified immunity." *Id.* The Ninth Circuit issued a mandate on December 12, 2012 (#30), and submitted a proposed order on mandate (#30) on December 18, 2012 (#31). This court entered an order on mandate on December 21, 2012. (#33).

On January 10, 2013, the court conducted a status conference wherein the court (1) held that the remaining defendants are Sablica, Atkins-St. Rose and Henson, (2) set a discovery plan and scheduling order, (3) set the trial date, and (4) extended plaintiff's prison copywork limit by $50.00. (#36). Plaintiff filed the Motion for Appointment of Counsel and Request for Intervention on February 12, 2013. (#37). The case was reassigned to the undersigned Magistrate Judge on February 13, 2013. (#38). On February 20, 2013, the Ninth Circuit issued an order stating that "[w]e are in receipt of Martinez Aytch's letter dated January 22, 2013 and received by the court on January 25, 2013. Mr. Aytch is represented by counsel, and the Clerk of the Court shall forward the letter to counsel for any further action. No *pro se* filings are permissible when an individual is represented by counsel." (#39). The Ninth Circuit attached the plaintiff's letter to the court, wherein he stated that he is proceeding *pro se* and needs information regarding the appeal to properly litigate his case. (#39-1). As counsel was appointed by the Ninth Circuit for purposes of the appeal only, this court does not have jurisdiction to address his request for information from his appeal counsel.

1  Defendants filed their opposition to the motion for appointment of counsel (#37) on February 25,
2  2013. (#40). Plaintiff filed a motion for extension of time on February 28, 2013. (#41). On March 1,
3  2013, plaintiff filed a letter requesting the status of his pending motion (#42), and on March 6, 2013,
4  plaintiff filed another letter requesting the status and asking if the defendants filed an opposition (#43).
5  Plaintiff filed his reply on March 11, 2013. (#45). On March 12, 2013, plaintiff filed a motion for a
6  court order directing defendants to answer plaintiff's complaint. (#44). On March 15, 2013, defendants
7  filed an opposition to plaintiff's motion for extension of time (#41). (#46).

8  On March 20, 2013, the court entered an order denying the motion for appointment of counsel
9  and request for court intervention (#37). (#47). On March 22, 2013, the plaintiff filed a reply in support
10 of his motion for extension of time (#41). (#48). On March 28, 2013, the defendants filed an answer to
11 plaintiff's complaint (#5). (#49). On March 29, 2013, the court entered a minute order denying as moot
12 the motion for a court order directing defendants to answer plaintiff's complaint (#44). (#51). On the
13 same day, the court issued an order granting the motion for enlargement of time (#41). (#52). The court
14 held "that "good cause" exists to extend the written discovery in this matter until April 11, 2013, as
15 plaintiff is proceeding *pro se*, the written discovery period was only 60 days (#36), the parties agree that
16 follow-up written discovery may be needed upon plaintiff's receipt of the defendants' discovery
17 responses (#41 and #46), and defendants do not oppose the extension (LR 7-2(d)("The failure of an
18 opposing party to file points and authorities in response to any motion shall constitute a consent to the
19 granting of the motion.")." *Id.* The court also found "that it would be in the best interest of the parties
20 to have all discovery end on April 11, 2013," and that "[t]he court's calendar does not permit the court
21 to disturb the trial date of June 3, 2013." *Id.*

22 On April 2, 2013, plaintiff filed a motion to compel answers to interrogatories and requests to
23 produce. (#54). On April 5, 2013, plaintiff filed another motion to compel answers to requests to
24 produce. (#56). On April 12, 2013, plaintiff filed the instant motion to extend prison copywork limit.
25

(#59). On April 17, 2013, defendants filed an opposition to plaintiff's motion to compel (#54). (#60). On April 19, 2013, plaintiff filed a motion to strike defendants' answers and direct further answers to plaintiff's interrogatories. (#61). Defendants filed an opposition to the motion to extend prison copywork on April 26, 2013. (#62). On the same day, the plaintiff filed a reply in support of his motion to compel (#54). (#64). On May 2, 2013, defendants filed a motion to produce inmate for trial (#66), and four motions in limine (#67, #68, #69, and #70), and plaintiff filed a motion to strike defendants' opposition to the motion to compel (#60) (#71). On May 3, 2013, defendants filed two motions in limine (#72 and #73), and plaintiff filed a reply in support of his motion to extend prison copywork (#74).

On May 6, 2013, defendants filed an opposition to the motion to strike (#61). (#75). On the same day, plaintiff filed an emergency motion for enlargement of time to complete all discovery. (#77). On May 7, 2013, defendants filed an amended motion to produce inmate at trial. (#76). On May 10, 2013, the court issued a minute order scheduling a status conference for May 13, 2013, at 11:30 a.m. (#78). The court held a status conference on May 13, 2013, and issued an order denying as moot the amended motion to produce inmate for trial (#76) and continuing the trial date. (#'s 79 & 81). Plaintiff filed a Motion for Clarification on May 13, 2013. (#82). On May 14, 2013, the court granted the Motion to Extend Copywork Limit. (#83). On May 23, 2013, Plaintiff filed the Motion for Submission of Motion and Issue Orders Granting (#61) Motion to Strike Defendant's Answers and To Direct Further Answers to Plaintiff's Interrogatories Propounded to Defendant Atkins-St. Rose; and (#63) Motion to Strike Defendant's Answer and To Direct Further Answer to Plaintiff's Interrogatories. (#85). On June 3, 2013, the parties consented to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (#88). Plaintiff filed a Motion to Strike Reply to Response to Sixth Motion in Limine. (#89). On July 5, 2013, plaintiff filed a letter requesting status. (#93).

**Discussion:**

In Motions 54, 56, 61, 63 and 71, plaintiff seeks relief claiming that defendants have not responded to discovery. In their response to the motions to compel, defendants' counsel represents to the court, "[t]he undersigned has served responses to all discovery requests other than Defendant Henson's answers to interrogatories. While answers have been finalized, the undersigned has not yet received a signed verification from Mr. Henson, as he is currently receiving treatment for cancer. The undersigned can serve the answers, and then send the verification under separate cover once received." Exhibit K to Plaintiff's Request for Clarification (#82), establishes that on May 2, 2013, defense counsel mailed to plaintiff Defendant Henson's answers to interrogatories, without a verification signature.

In his reply to this response (#87) at page 4, plaintiff only disputes defense counsel's claim as to discovery responses from defendant Lavonne Atkins – St. Rose. If in fact, discovery served on defendant Lavonne Atkins – St. Rose has not been responded to, responses prepared in accordance with the appropriate court rules must be served on plaintiff on or before July 31, 2013. In all other respects, Motions 54, 56, 61, 63 and 71 are denied.

Discovery is concluded in this case. Unless settled, it will be tried to a jury on October 2, 2013. At trial defendants will be precluded from introducing any testimony or evidence which should have been provided in response to plaintiff's written discovery, but was not provided as of the date of this order.

Motion #77 seeks enlargement of time to complete all discovery. No further discovery will be permitted in this case. Motion #77 is denied as moot.

Motion #82 brings to the court's attention a letter dated May 2, 2013 (Exhibit K, referenced above) from defense counsel stating that defendant James Henson has been diagnosed with cancer and has not been able to sign the verification to his answer to interrogatories. The signature requirement of rule 33 is hereby waived in these circumstances. Mr. Henson's interrogatory answers will have the same

1 force and effect as if they had been duly verified by him.  The issue of his availability to testify will be
2 addressed at trial.

3 Given the court's ruling on Motions #61 and #63, Motion #85 requesting submission of those
4 motions is denied as moot.

5 Motion #89, defendants' Sixth Motion in Limine (#73), is denied without prejudice and the
6 arguments in Motion #89 will be considered when pending motions in limine are argued during the
7 calendar call to be set for 10:00 a.m., September 20, 2013, in Courtroom 3D.

8 The Court has considered all issues raised in the above pending motions.

9 Accordingly,

10 IT IS HEREBY ORDERED that Motion #'s 54, 56, 61, 63 and 71 are DENIED.

11 IT IS FURTHER ORDERED that Motion #77 is DENIED as MOOT.

12 IT IS FURTHER ORDERED that Motion #82 is GRANTED.

13 IT IS FURTHER ORDERED that Motion #85 is DENIED as MOOT.

14 IT IS FURTHER ORDERED that Motion #89 is DENIED without prejudice.

15 IT IS FURTHER ORDERED that calendar call is continued to 10:00 a.m., September 20, 2013,
16 in Courtroom 3D.

17 IT IS FURTHER ORDERED that Jury Trial is continued to 10:00 a.m., October 2, 2013, in
18 Courtroom 3D.  Defendants will arrange with the prison to have Plaintiff present via telephone for the
19 calendar call and in person for the trial.  Defendants must contact Jerry Ries, Courtroom Administrator,
20 to set-up the telephonic arrangement for calendar call.

21 Dated this 11th day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE