# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MARTINEZ AYTCH,<br><br>                Plaintiff,<br><br>vs.<br><br>CYNTHIA SABLICA, *et al.,*<br><br>                Defendants. | 2:08-cv-01773-RLH-VCF<br><br>**AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS AT STATE EXPENSE(#139)** |

On January 16, 2014, this court entered an order denying plaintiff's motion (#139). Thereafter, on January 24, 2014, plaintiff filed a late reply (#142) listing issues he plans to raise on appeal.

28 U.S.C. § 753 sets forth the circumstances in which the court may authorize the payment of fees, by the United States, for furnishing transcripts to party appealing *in forma pauperis*. Although Plaintiff's reply is late, the court recognizes that the plaintiff's incarceration makes it difficult for him to effect timely filing of papers in this action. Accordingly, the court reconsiders its order by reviewing the following four issues raised by plaintiff in his reply.

Issue One: Alleged perjury by plaintiff Atkins when she testified regarding her duties at the prison. Plaintiff asserts that he has recently received copies of prison administrative regulations in effect at the relevant time, and that these regulations rebut nurse Atkins testimony on this point.

Issue Two: Defense counsel asked plaintiff an improper question regarding initials on a medical kite in violation of a previously entered discovery order.

Issue Three: Defense counsel stated on the record the name of the person whose initials appeared on the medical kite.

Issue Four: A transcript is required regarding, "exactly what instruction or explanation was given to the jurors, if any, and the court's reasoning concerning" that portion of the jury's note (sealed #126) asking about initials that appear on certain exhibits admitted in evidence.

After reviewing these four issues, the court cannot certify that plaintiff's appeal is not frivolous. The recently discovered regulations are not part of this record. Plaintiff had his opportunity to cross-examine nurse Atkins. The jury made its credibility determination. From the description of the regulations provided by the plaintiff, the court cannot conclude that this portion of plaintiff's appeal is not frivolous.

Plaintiff did not object to defense counsel's question now raised here as a possible issue on appeal. Defense counsel's statement regarding the identity of the individual who initialed the exhibits was not disclosed to the jury. Defense counsel stated the name out of the presence of the jury when the parties were convened to address the juror note (#126). Plaintiff and Defendant agreed that the jury should be told, in response to their question, that the initials on the exhibits were not those of the three remaining individual defendants in this case. That was the response given to the jury on the record.

Given that the parties stipulated that the exhibits at issue were not initialed by Cynthia Sablica, Lavonne St. Rose Atkins or James Henson, the identity of the person who initialed those exhibits is not relevant to any material issue in this case.

Accordingly, Plaintiff's Motion for Transcripts at State Expense (#139) is DENIED.

Dated this 29th day of January, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE